LESSIE R. GIBSON, RESPONDENT, v. GOWER BANK, APPELLANT.—52 S. W. (2d) 411.

Kansas City Court of Appeals. August 26, 1932.

*Daniel H. Frost* for respondent.

*Culver, Philip & Voorhees* for appellant.

CAMPBELL, C.—Plaintiff, on February 21, 1930, was the owner of a time certificate of deposit in the sum of $5000 issued by Gower Bank, of Gower, Missouri. On the afternoon of that day, which was Saturday, she went to the bank, surrendered the certificate, had $4500 of it placed to her checking account, and $500 of it evidenced by a time certificate of deposit. On this occasion she said to the officer of the bank in charge of its business that she desired to buy $4000 of 4th Liberty Loan bonds. The banker did not know the exact sum that would be required to purchase the bonds and he so informed plaintiff. Plaintiff, at that time, gave to the banker a check.

"February 21, 1931.

"Gower Bank

"Pay to the order of ...................... for $4,000

"4th Liberty Loan bond ........................ $4,220

"LESSIE R. GIBSON."

The check was not marked paid nor was it charged to the plaintiff's account. In fact, it was understood that the bonds would be purchased, paid for by the bank and the amount thereof charged against plaintiff's account.

The banker, on the same day, wrote a letter to the Tootle-Lacy National Bank requesting that bank to purchase bonds in plaintiff's name and to charge the defendant's account with the purchase price. The bonds were not purchased, presumably for the reason that the Gower Bank closed on February 23, and its business and affairs were placed in charge of the commissioner of finance for liquidation.

On July 13, 1931, plaintiff filed with said commissioner the following verified claim:

"Mrs. Lessie R. Gibson, of lawful age, being duly sworn, on her oath, states that there is due her from the Gower Bank, of Gower, Missouri, the sum of forty-five hundred eighty-nine and 51/100 dollars being the balance due her on demand deposit account on February 23, 1931, which amount is now due and unpaid.

"Affiant further states that she is not indebted to said bank in any sum and that said bank is not entitled to any credits or offsets against this claim.

"Claimant prays that this claim be approved by the Commissioner of Finance in charge of said bank and allowed as a preferred claim on account of U. S. bonds were bought, but not delivered, conformable to section 11917, Revised Statutes 1919."

On September 15, 1931, the commissioner allowed the demand as a common claim. Thereafter, in September, 1931, plaintiff brought this action seeking to have $4220 of said demand allowed as a preferred claim. Plaintiff's claim was allowed as a preferred demand, and defendant appeals.

The question for determination is whether or not the relation of debtor and creditor existed between plaintiff and the bank or whether the bank was a trustee.

Plaintiff relies mainly upon the case of Evans v. Peoples Bank, 6 S. W. (2d) 655. In that case the plaintiff gave the cashier of the bank, as here, a check for $4000 with which to purchase bonds. The check was charged against plaintiff's account in the bank. The cashier instead of purchasing bonds with the money invested it in time certificates of deposit. In this case the plaintiff's account was not charged with the check and the transaction shows that it was not intended to charge her account with the purchase price of the bonds until the bonds were actually purchased and delivered to the defendant. The status of her account was in no way changed by the mere fact that the check was given to the banker for the reason that the transaction was not completed. Had the transaction been completed by the purchase of the bonds and plaintiff's account charged with the amount of the purchase price thereof a different situation would arise, that is, the bank would have held the bonds as trustee for the plaintiff.

In circumstances such as are here involved, a claimant is not entitled to have claim allowed as a preferred demand against the assets of a bank in liquidation unless he shows that the bank had funds of which he was the owner.

Plaintiff alleged that there was due to her from the defendant bank the sum of $4589.51, "being the balance due her on demand deposit account on February 23, 1931, which amount is now due and unpaid." It is clear that plaintiff pleaded that the bank was her debtor and not her trustee. Hence she was not entitled to have pref-

erence awarded. But we do not base our ruling upon that ground alone.

In the case of Cormaney v. Wells-Hine Trust Company, 44 S. W. (2d) 172, 173, the facts are stated thus:

"Plaintiff was a depositor and maintained an account in the trust company, and on November 9, 1929, purchased a draft for the sum of $750 payable to another. It was drawn on the First National Bank of St. Joseph, Missouri. Plaintiff paid for the draft by his own check drawn against his account in the trust company, and the account was charged with the amount of the check. The draft was sent to the payee, but before it reached the drawee bank, in the course of business, the trust company had closed its doors. The last day that it was open was November 12, and thereafter its affairs and business passed into the hands of the commissioner of finance of the State for liquidation. When the draft reached the First National Bank on which it was drawn, payment was refused solely on the ground that the bank had received notice that the trust company was in the hands of the commissioner. At the time the draft was drawn, the trust company had on deposit with the First National Bank, subject to its draft, a deposit more than sufficient to pay the draft purchased by plaintiff and all other drafts drawn against said deposit. Plaintiff was required to take up the draft and again became holder of it. It is admitted that there was sufficient evidence to show that the trust company was insolvent on November 9, 1929, and it is conceded that sufficient assets of the trust company passed into the hands of the commissioner to pay plaintiff's claim in full, and that plaintiff took timely and proper steps to present his demand, and to institute this proceeding for preference."

It was held in that case that the plaintiff was not entitled to preference for the reason that the funds of the bank were not augmented; that the bank did not receive any money or property belonging to the plaintiff; that its assets and its liabilities "were exactly the same after, as they were before the draft was issued." The plaintiff in that case made a stronger showing than the plaintiff has made in this case, in that the check with which the draft was purchased was charged against the account of the customer. In this case the check was not charged to the account of the customer, and the relationship of the parties was not changed by the mere fact that plaintiff issued the check to be used in the purchase of bonds. The principle announced in the Cormaney case applies here.

There is neither allegation nor proof of fraud on the part of the banker, nor that plaintiff sustained loss as a result of the transaction with him.

It follows that plaintiff was not entitled to have her demand allowed as a preferred claim. The judgment for preference is reversed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is for preference reversed. All concur, except *Arnold, J.,* absent.